(No. 4664- )

THE COUNTY OF RANDOLPH, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed June 24, 1955.*

WILLIAM A. SCHUWERK, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

The complaint filed herein on January 17, 1955 is
predicated upon fees and expenses, including those of the
State's Attorney, sheriff and clerk, by reason of the lo-
cation of the Illinois State Penitentiary and the Illinois
Security Hospital, both being penal institutions, in said
County. By reason of the location of these institutions
in said County, numerous petitions for writs of habeas
corpus by inmates are filed in said County, and all of the
said inmates filing writs of habeas corpus are not resi-
dents of Randolph County, as shown by claimant's ex-
hibit A. The latter consists of six pages, wherein there is
set forth in detail the names of the petitioners, the filing
fee due the Clerk of the Court, all of which are in the
amount of $5.00, the sheriff's fees being in the amount of
$3.50, fees for the State's Attorney in the amount of
$20.00, and photostatic expense of $1.00. The fees set
forth in the respective amounts, with the exception of
the photostatic expenses for which fair and reasonable
charges were made, are provided by statute, namely, Sec.
1 of Chap. 53, Ill. Rev. Stats., 1953. This provides for a
$5.00 fee for the Clerk of the Circuit Court for the filing
of petitions for writs of habeas corpus. The provision for

fees for the sheriff in such cases is found in Chap. 53, Sec. 37, Ill. Rev. Stats., 1953. The fee for the State's Attorney is fixed by statute, Chap. 53, Sec. 8, Ill. Rev. Stats., 1953. The photostatic charge made by the Clerk of the Circuit Court for the photostating of necessary documents is in the amount of $1.00, and is a reasonable charge therefor.

By virtue of certain statutory provisions, namely, Chap. 65, Pars. 37, 38 and 39, Ill. Rev. Stats., 1953, the State of Illinois, by law, is required to assume and pay the necessary expenses, including all costs and fees of county officers, arising from petitions for writs of habeas corpus. All petitions for writs of habeas corpus by inmates are filed in the Circuit Court of the county where the institution is located, said writs being writs of habeas corpus in forma pauperis.

In the instant case, all writs were filed between the periods of January 6, 1953 and December 21, 1954, inclusive, as set forth in claimant's exhibit A.

A stipulation was entered into between William A. Schuwerk, State's Attorney of Randolph County, Illinois, and Latham Castle, Attorney General for the State of Illinois, representing respondent, wherein, in substance, the facts hereinabove set forth were stipulated to, and the statutes applicable thereto for the basis of payment of fees and expenses, as well as the respective statutes for the amounts to be paid were set forth.

On May 13, 1954, a motion was filed, and signed by William A. Schuwerk, State's Attorney of Randolph County, representing claimant, and Latham Castle, by C. Arthur Nebel, Assistant Attorney General of the State of Illinois, representing respondent, and an order was entered permitting the waiver of briefs and arguments

for the reason that the claim arose under special statutory provisions, as provided by Chap. 65, Secs. 37, 38 and 39, Ill. Rev. Stats., 1953, and no new or novel questions of law were presented.

We have examined the exhibit attached to the complaint as to the petitions for writs of habeas corpus, the charges and expenses set forth opposite the names of the petitioners, and the law applicable to said claim.

It is, therefore, ordered, adjudged and decreed that an award be entered in favor of The County of Randolph in the sum of $5,375.00.